UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEJUAN MAURICE PORTER,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | No. 3:22-cv-291<br>Judge Varlan |

## RESPONSE IN OPPOSITION TO § 2255 MOTION

The United States opposes petitioner's § 2255 motion because he has not established any basis upon which relief may be granted. His motion should be denied.

## FACTUAL AND PROCEDURAL HISTORY[1]

From April 2018 through September 2019, petitioner conspired to distribute at least 500 grams of cocaine and at least 28 grams of cocaine base. (Doc. 49, Plea Agreement at ¶ 4.) Law enforcement agents confirmed his role via "several court-authorized Title III interceptions," on which petitioner and others "discussed the distribution of cocaine and cocaine base." (*Id.*) While searching two residences connected to the conspiracy, agents enforcement found three rifles, three pistols, and ammunition. (*Id.*) And petitioner admitted "that he carried, possessed, and used the firearms in furtherance of his drug trafficking activities." (*Id.*) Petitioner also admitted that, during the course of the conspiracy, he purchased a 2017 Jaguar with proceeds from his drug-trafficking activities. (*Id.*)

Aided by counsel, petitioner negotiated a plea agreement under which he pleaded guilty to conspiring to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] Unless otherwise specified, all record citations refer to the underlying criminal case, Case No. 3:19-cr-150.

841(b)(1)(B) and 846, money laundering in violation of 18 U.S.C. § 1956(a)(1)(i), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (*Id*. at ¶ 1.)  He was then sentenced to a total of 130 months in prison.  (Doc. 96, Judgment.)

Petitioner did not appeal, but timely filed this motion under 28 U.S.C. § 2255.  (Doc. 111, § 2255 Motion; Case No. 3:22-cv-291, Doc. 3, Memorandum.)  The United States now responds, as ordered by the Court.  (Case No. 3:22-cv-291, Doc. 2, Order.)

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceedings invalid.  *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).  He "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient, and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms."  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise.  *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of

2

reasonable professional assistance"). Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland*], the inability to prove either one of the prongs . . . relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original).

**ARGUMENT**

Petitioner contends that counsel was constitutionally ineffective because he allegedly (1) did not conduct an "adequate and independent pretrial investigation," (2) did not adequately explain the consequences of pleading guilty instead of proceeding to trial, (3) did not negotiate a more favorable plea agreement, (4) did not discuss the presentence report with petitioner before sentencing, and (5) did not file "substantive objections to the PSR." (Doc. 111, § 2255 Motion at 4-5.) He has not satisfied *Strickland* with respect to any of those claims.

**I.    Counsel was not ineffective with respect to pretrial investigation.**

According to petitioner, counsel "failed to research the case law, interview witnesses[,] investigate the facts of [petitioner's] case[,]" or "move the Court for a private investigator to independently investigate his case." (Case No. 3:22-cv-291, Doc. 3, Memorandum at 16.) He also seems to accuse counsel of not adequately "argu[ing] about . . . bogus wiretaps."[2] (*Id*. at 14; *accord id*. at 17 (accusing counsel of not "investigating and challenging the wiretaps").)

---

[2] Petitioner assumes, incorrectly, that "the government ha[d] nothing but bogus wiretaps" with which to prove his guilt. (Case No. 3:22-cv-291, Doc. 3, Memorandum at 21.)

3

But a "defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Birdsong*, No. 5:16-016-DCR, 2019 WL 4696410, at *2 (E.D. Ky. Sept. 26, 2019) (internal citations omitted); *see also United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review ineffectiveness claim because the record did not show what information could have been further investigated or how it might have altered the outcome of the case). "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance that something will turn up." *Rompilla v. Beard*, 545 U.S. 374, 382-83 (2005). Here, petitioner has not specifically identified anything that counsel should have investigated that would have altered the outcome of his case.

After all, the record shows that petitioner's counsel *did object* to the Title III wiretaps by filing a motion to suppress the evidence obtained from those wiretaps. (*See* Docs. 35, 37, Motions; Docs. 36, 38, Memorandums.) And counsel withdrew those motions only *after* petitioner had elected to plead guilty and signed a plea agreement. (*See* Doc. 49, Plea Agreement; Doc. 51, Motion.)

Although petitioner claims that, with additional investigation, counsel could have shown that "the firearm in question was not used in furtherance of a drug trafficking crime" (Case No. 3:22-cv-291, Doc. 3, Memorandum at 18), petitioner has not described evidence or information that counsel could have discovered. And, more importantly, petitioner explicitly stipulated, when pleading guilty, that he possessed and used multiple firearms "in furtherance of his drug trafficking activities." (Doc. 49, Plea Agreement at ¶ 4.) Petitioner knew, better than anyone else, what he actually did. That is why courts presume that a defendant would not plead guilty unless the stipulated facts were actually true. *See United States v. Socolovitch*, 340 F. App'x

4

291, 296 (6th Cir. 2009) (reasoning that, if the government alleged that a defendant was responsible for a certain amount of loss, the defendant would not enter a plea agreement stipulating that amount of loss unless he were actually guilty of at least that amount of loss).

Petitioner has not satisfied either prong of *Strickland* with respect to this claim.

**II.    Counsel was not ineffective for advising petitioner—correctly—that he would receive a longer sentence if convicted at trial than if he pleaded guilty pursuant to a negotiated plea agreement.**

Petitioner claims counsel urged him to plead guilty without explaining the consequences of doing so and without "discuss[ing] the correct possible outcome of a trial." (Case No. 3:22-cv-291, Doc. 3, Memorandum at 13-15, 19-24.) But he concedes that counsel "talked about [the] charges and the time they carry if convicted." (*Id*. at 14.) He also notes that counsel told him that, were he to proceed to trial, "his co-defendants would testify against him" and that he would likely "end up with 20 years to life imprisonment." (*Id*. at 15.) It is well-settled that the uncorroborated testimony of an accomplice, if credited by the jury, is sufficient to support a conviction, *e.g.*, *United States v. Stewart*, 628 F.3d 246, 255 (6th Cir. 2010), and the charges against petitioner had statutorily mandated minimum penalties totaling 15 years' imprisonment, so petitioner would definitely have been sentenced to no less than 15 years in prison had he been convicted as charged. (*See* Doc. 91, Sealed Presentence Report at ¶ 99.) Petitioner's own memorandum thus shows that counsel *did* discuss with him the likely outcome of a trial when advising him to plead guilty and that counsel advised petitioner—correctly—that if he were convicted after "opt[ing] to proceed to trial, he would spend a longer jail time." (Case No. 3:22-cv-291, Doc. 3, Memorandum at 18-19, 21.) Indeed, petitioner received 130 months in prison after pleading guilty; he would have received at least 180 months if convicted as charged at trial. And he would also have been sentenced to no less than 180 months' imprisonment had he

5

"plead[ed] guilty without a plea agreement," as he now suggests he might have wanted to do. (Case No. 3:22-cv-291, Doc. 3, Memorandum at 22.)

It is axiomatic that "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). "Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction." *Id*.

Petitioner's claim that he was not adequately advised of the consequences of pleading guilty is contradicted by the record. In his plea agreement, petitioner acknowledged he faced "a minimum mandatory term of imprisonment of five years" for the drug-trafficking conspiracy, "a term of imprisonment up to 20 years" for money laundering, and a consecutive "minimum mandatory term of imprisonment of five years" for the § 924(c) offense. (Doc. 49, Plea Agreement at ¶ 1.) He also admitted he was responsible for distributing at least 500 grams of cocaine and a least 28 grams of cocaine base. (*Id.* at ¶ 4.) As required by Fed. R. Crim. P. 11, and consistent with the Court's usual practice, the Court necessarily ensured that petitioner understood each of the rights he was waiving by pleading guilty as well as the statutorily authorized penalties for his offense. "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), so a "defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *see also United States v. Rennick*, 219 F. App'x 486 (6th Cir. 2007) (same).

Petitioner has not satisfied either prong of *Strickland* with respect to this claim.

6

### III. Counsel was not ineffective for not negotiating a more favorable plea agreement.

Petitioner next faults counsel for not negotiating a more favorable plea agreement, saying that his agreement "was skewed in favor of the government." (Case No. 3:22-cv-291, Doc. 3, Memorandum at 21.) Yet criminal defendants have "no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), and the United States is not required to accept any terms proffered by a defendant, so petitioner cannot prove that he was entitled to a plea agreement on his own terms or that counsel was ineffective for not securing such an agreement.

Moreover, the record shows that the plea agreement counsel negotiated was, in fact, favorable to petitioner, in that he was permitted to plead guilty to a lesser-included offense which carried a lower statutorily mandated penalty. (Doc. 91, Sealed Presentence Report at ¶ 99.) "Had he been convicted of Count One as charged, he would be facing a minimum mandatory term of imprisonment of 120 months pursuant to Title 21 U.S.C. § 841(b)(1)(A)." (*Id.*) The United States also agreed to dismiss one offense, and petitioner received a three-level reduction in his advisory guideline range. (*Id.* at ¶¶ 2-8, 11, 50, 51.)

Petitioner has not satisfied either prong of *Strickland* with respect to this claim, either.

### IV. Counsel was not ineffective for doing what petitioner claims he should have done.

Petitioner claims counsel "failed to properly discuss and explain the [revised presentence report] with [him]." (Case No. 3:22-cv-291, Doc. 3, Memorandum at 24.) But petitioner stated in open court that he had received and discussed the revised presentence report with his counsel. (Doc. 105, Sentencing Transcript at 653.) Petitioner's current claim that counsel never reviewed the report with him "cannot be accepted as true because [it is] contradicted by the record." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal citation omitted).

7

## V. Counsel was not ineffective for not filing objections to the presentence report that were contradicted by petitioner's prior stipulations when pleading guilty.

Petitioner claims counsel should have objected to his § 924(c) conviction at sentencing on the ground that his drug conspiracy was not a "controlled substance offense" under *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). (Case No. 3:22-cv-291, Doc. 3, Memorandum at 24.) But *Norman* is inapplicable and offers no basis to contest petitioner's conviction. Norman had received a guideline enhancement in his sentence for possessing a firearm as a felon on the theory that he had a prior conviction that constituted a "controlled substance offense" under U.S.S.G. § 4B1.2. *Norman*, 935 F.3d at 235. On appeal, the Fourth Circuit held that his prior federal drug-trafficking conspiracy conviction was a "categorical mismatch to the generic crime of conspiracy enumerated in § 4B1.2(b)." *Id*. at 239. But *Norman* offered no basis to object here: petitioner's sentence was not enhanced based on a prior drug conspiracy offense (*see generally* Doc. 91, Sealed Presentence Report), and the Guidelines' definition of "controlled substance offense" has no effect on whether petitioner possessed a firearm in furtherance of a "drug trafficking crime," as required by 18 U.S.C. § 924(c).

Petitioner also criticizes counsel for not objecting to the presentence report's assessment of a two-level leadership-role enhancement. (Case No. 3:22-cv-291, Doc. 3, Memorandum at 43-46.) According to petitioner, he "never planned anything with his co-defendants nor gave any orders or instructions to," and had little communication with, his co-defendants. (*Id.* at 44.) But petitioner had previously admitted that he "supplied large quantities of cocaine and cocaine base to a co-defendant who then distributed it to others" *and* that "a two-level enhancement for leadership was appropriate in this case, pursuant to U.S.S.G. § 3B1.1(c)." (Doc. 49, Plea Agreement at ¶ 4.) Accordingly, counsel had no legitimate basis to object to the application of that enhancement, nor was petitioner prejudiced by counsel's inaction.

8

## CONCLUSION

Because petitioner has not satisfied *Strickland* with respect to any of his ineffectiveness claims, his § 2255 motion should be denied.

> Respectfully submitted,
>
> Francis M. Hamilton III
> United States Attorney
>
> By: *s/Anne-Marie Svolto*
> ANNE-MARIE SVOLTO, BPR# 025716
> Assistant United States Attorney
> 800 Market Street, Suite 211
> Knoxville, Tennessee 37902
> (865) 545-4167
> anne-marie.svolto@usdoj.gov

## Certificate of Service

I certify that on September 28, 2022, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Dejuan Maurice Porter
No. 54483-074
FMC Lexington
P.O. Box 14500
Lexington, KY 40512

> *s/ Anne-Marie Svolto*
> Anne-Marie Svolto
> Assistant United States Attorney