UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DEJUAN MAURICE PORTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:22-CV-291-TAV-DCP |
| | ) | 3:19-CR-150-TAV-DCP-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Dejuan Maurice Porter has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 111; Case No. 3:22-cv-291 ("Civil Case"), Doc. 1].[1] The government has responded in opposition [Civil Case, Doc. 4] and petitioner has replied [Civil Case, Doc. 7]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 111; Civil Case, Doc. 1] will be **DENIED**.

**I.    Background**

Petitioner was charged in a superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

846 (Count 1), conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 2), money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2 (Count 4), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 6) [Doc. 24].

Petitioner, through counsel, filed a Motion to Suppress Evidence Obtained from Title III Wiretap on Target Telephones 1 and 2 [Doc. 35] and a Motion to Suppress Evidence Obtained from T-III Wiretap on Target Telephone 3 [Doc. 37]. Prior to a suppression hearing, however, petitioner entered a plea agreement [Doc. 49], and accordingly moved to withdraw his motions to suppress [Doc. 51].

On March 26, 2021, petitioner pled guilty to the lesser included offense of Count 1, that is, conspiracy to distribute 500 grams or more of cocaine, as well as Count 4 (money laundering), and Count 6 (possession of a firearm in furtherance of a drug trafficking offense) [Docs. 49, 72]. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), petitioner and the government agreed that a 2-level enhancement for leadership was appropriate under § 3B1.1(c) of the Sentencing Guidelines [Doc. 49, p. 4].

The presentence investigation report ("PSR") calculated petitioner's total offense level as 25, based on a base offense level of 24, a 2-level enhancement for a money laundering conviction, a 2-level leadership role enhancement, and a 3-level decrease for acceptance of responsibility [Doc. 77 ¶¶ 43–52]. Combined with a criminal history score of III, the guideline range was 70 to 87 months [*Id.* ¶ 97]. However, because the sentence

for Count 6 was statutorily required to run consecutive to any other count, the effective guideline range was 130 to 147 months [*Id.*]. Defense counsel filed a notice of no objections to the PSR [Doc. 84].[3]

The Court ultimately sentenced petitioner to 130 months' imprisonment, to be followed by a 4-year term of supervised release [Doc. 96]. Petitioner did not appeal but filed the instant § 2255 motion [Doc. 111].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

---

[3] The PSR was subsequently revised [Doc. 91] but no changes were made to the relevant sections discussed herein.

3

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

### III. Analysis

#### A. Grounds 1, 2, & 3 – Plea Advice

Petitioner raises three interrelated grounds for relief involving his counsel's advice regarding entering a guilty plea. Petitioner first asserts that his counsel was ineffective in failing to communicate the relevant circumstances and likely consequences of pleading guilty versus proceeding to trial [Doc. 3, p. 13]. He claims that his counsel coerced him into accepting a plea offer by telling petitioner that he would receive a much longer sentence if he proceeded to trial and lost [*Id.* at 15]. Additionally, he contends that counsel failed to review evidence with him, and therefore, he was unable to be fully informed for purposes of deciding to plead guilty [*Id.* at 17–18].

Petitioner also asserts that his counsel was ineffective in failing to conduct an adequate and independent pretrial investigation [*Id.* at 16]. Petitioner argues that his counsel did not challenge the validity of the wiretaps in this case and did not put the government's case to any kind of adversarial test [*Id.* at 17]. Additionally, petitioner argues that if counsel had conducted investigation and interviewed witnesses, he would have advised petitioner to proceed to trial and prove petitioner was not a leader and the government had no evidence but "bogus" wiretaps [*Id.* at 21]. Regarding the plea colloquy, petitioner asserts that he merely acquiesced to his counsel's advice to answer the Court's questions affirmatively [*Id.* at 18].

Petitioner next argues that his counsel was ineffective in failing to attempt to negotiate a favorable plea agreement [Doc. 3, p. 19]. He further contends that the plea

5

agreement was skewed in favor of the government and had no benefit to him [*Id.* at 21–22].

The government responds that counsel was not ineffective for advising petitioner correctly that he would receive a longer sentence if convicted at trial than if he pleaded guilty pursuant to a negotiated plea agreement [Doc. 4, p. 5]. The government notes that petitioner concedes that his counsel talked about the charges and the time they carry if convicted, and that, if he proceeded to trial, co-defendants would testify against him. The government argues that petitioner's own memorandum shows that counsel did discuss with him the likely outcome of a trial when he advised him to plead guilty [*Id.*]. Moreover, as required by Federal Rule of Criminal Procedure 11 and consistent with the Court's usual practice, the Court ensured that petitioner understood the rights he was waiving by pleading guilty and understood the statutorily authorized penalties for his offenses [*Id.* at 6].

The government argues that petitioner has not specifically identified anything that counsel should have investigated that would have altered the outcome of his case [*Id.* at 4]. The record shows that petitioner's counsel did object to the Title III wiretaps by filing a motion to suppress, which was withdrawn only after petitioner elected to plead guilty.

The government argues that criminal defendants have no constitutional right to a plea bargain and the government is not required to accept any terms proffered by a defendant, so petitioner cannot prove that counsel was ineffective in failing to secure an agreement on petitioner's terms [*Id.* at 7]. The government further contends that the plea

6

agreement was favorable to petitioner, in that he was permitted to plead guilty to a lesser-included offense which carried a lower statutorily mandated penalty [*Id.*].

Petitioner replies that there is no evidence in the record that his counsel did any kind of independent pretrial investigation [Doc. 7, p. 2]. He argues that his motion constitutes competent evidence to establish that counsel failed to conduct such investigation, requiring an evidentiary hearing [*Id.* at 3]. Petitioner further states that, based on his trial counsel's advice, he believed if he proceeded to trial, he would spend a longer time in jail, "which is not exactly true as [counsel] failed to investigate [petitioner's] case unsatisfactorily" [*Id.* at 4].

First, the Court notes that, to the extent that petitioner seeks to challenge the knowing and voluntary nature of his guilty plea in this § 2255 motion, such claim is procedurally defaulted. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). A claim that a plea is not intelligent because the information provided by the Court at the plea colloquy was erroneous can be "fully and completely addressed on direct review[,] and thus, is procedurally defaulted if not first raised on direct review. *Id*. at 622. If a claim is procedurally defaulted because a petitioner has not raised it on direct appeal, he may only raise it in a collateral attack if he can demonstrate cause and actual prejudice or that she is "actually innocent." *Id*. The "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency. *Id*. at 623. Petitioner has not alleged that he is factually innocent of the

7

offenses of conviction, and therefore, any claim that his guilty plea was not knowing and voluntary is procedurally defaulted.

To the extent petitioner contends that his counsel was ineffective in advising him that he was subject to a lengthier prison term if he did not plead guilty, such advice was not deficient performance. Defendant was charged in the First Superseding Indictment with two drug conspiracy counts, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), one money laundering count, in violation of 18 U.S.C. § 1954(a)(1)(A)(i), (a)(1)(B)(i), and 2; and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 24]. If defendant was convicted on these charges, his mandatory minimum sentence would have been 15 years, or 180 months, based on the 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), and the 5-year mandatory minimum consecutive sentence under 18 U.S.C. § 924(c). *See generally* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A). But, by virtue of his plea agreement, which allowed defendant to plead guilty to the lesser included offense of Count 1, defendant's total mandatory minimum sentence became only 10 years, or 120 months, based on the 5-years mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), and the 5-year mandatory minimum consecutive sentence under 18 U.S.C. § 924(c) [*See* Doc. 49]. *See generally* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A). Thus, by pleading guilty, defendant ultimately received a sentence of 130 months' imprisonment [Doc. 96] which was below the mandatory minimum sentence he would have received had he proceeded to trial and been convicted.

8

Accordingly, counsel did not perform deficiently in providing petitioner with accurate advice about his sentencing exposure.

Next, to the extent that petitioner contends that his counsel did not review the evidence with him before entry of the plea agreement, petitioner points to no evidence that counsel should have reviewed with him before allowing petitioner to enter a guilty plea, nor how review of such evidence would have changed the outcome of this case. Moreover, in compliance with Federal Rule of Criminal Procedure 11, and as part of its standard practice, the Court asked defendant (1) whether he had ample opportunity to discuss the charges and his case with his lawyer; (2) whether he had informed his lawyer about everything he knew about the case; (3) whether he believed his lawyer was fully aware of the facts on which the charges were based; (4) whether his lawyer had advised him as to the nature and meaning of the charges; (5) whether he had discussed any possible defenses with his lawyer; and (6) whether he was satisfied with the advice his lawyer had provided. Defendant answered in the affirmative to all of these questions. Importantly, "the representations of the defendant . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings" as "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Indeed, "[e]ntry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Williams v. United States*, No. 2:12-cv-2936, 2016 WL 80223, at *4 (W.D. Tenn. Jan. 6, 2016) (internal quotation marks omitted). In light of petitioner's statements

in open court that he had reviewed his case with his counsel and was satisfied with his counsel's representation, he cannot now show that his counsel was deficient on a claim that counsel never reviewed evidence with him before entry of a guilty plea.

Turning to petitioner's claim that counsel failed to adequately investigate this case, "[u]nder *Strickland*, 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Stermer v. Warren*, 959 F.3d 704, 739 (6th Cir. 2020) (quoting *Strickland*, 466 U.S. at 691). A petitioner is entitled to relief based on a violation of this duty only upon a showing of prejudice, that is, a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted). Thus, without any facts to support a notion of ineffectiveness or prejudice, these claims are meritless. *Cf. United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review a claim that counsel was ineffective for not conducting further investigation because the record did not show what information could have been further investigated, what that investigation would have shown, or how it might have alternated the outcome). Petitioner has not specified what information would have been uncovered by additional investigation or how such would have changed the outcome.

10

Next, to the extent that petitioner faults counsel for failure to challenge the wiretap recordings in this case, the record reflects that counsel filed two motions to suppress the wiretaps on January 31, 2020 [Docs. 35, 36, 37, 38]. A motion hearing for those suppression motions was scheduled for March 11, 2020. However, on February 21, 2020, petitioner entered his plea agreement [Doc. 49]. Petitioner subsequently filed a motion to withdraw his motions to suppress in light of the plea agreement [Doc. 51]. Because counsel did raise a legal challenge to the admissibility of the wiretaps, which was withdrawn only after petitioner chose to enter into a guilty plea, petitioner cannot claim that counsel was deficient in failing to raise such an argument, nor can he show any prejudice.

Finally, to the extent that petitioner asserts that his counsel was ineffective in failing to negotiate a favorable plea agreement with the government, as the Court noted above, the plea agreement in this case allowed petitioner to plead guilty to a lesser-included offense of the drug conspiracy charges, which reduced his statutory sentence on that charge from a mandatory minimum of 10 years and up to life, to a mandatory minimum of 5 years and up to 40 years [*See* Doc. 49]. *See* 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B). Thus, petitioner clearly benefited from the plea agreement. And, to the extent that petitioner believes that his counsel should have obtained a plea agreement that was even more favorable to him, a defendant "ha[s] no right to [a] more favorable plea," *United States v. Parker*, 837 F. App'x 341, 345 (6th

11

Cir. 2020), and petitioner cannot show that the government would have offered a more favorable plea agreement in this case.

For these reasons, petitioner's claims of ineffective assistance regarding his counsel's performance associated with entry of the guilty plea in this case are **DENIED**.

### D.     Grounds 4 & 5 – Sentencing Objections

Petitioner next argues that his counsel was ineffective in failing to properly discuss and explain the PSR to him and file substantive objections to the PSR [Doc. 3, p. 24]. He asserts that his attorney failed to challenge petitioner's § 924(c) conviction in light of *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), based on an argument that petitioner's underlying drug conspiracy conviction is not a "controlled substance offense" [*Id.*]. Moreover, petitioner argues that his counsel was ineffective in failing to challenge the 2-level enhancement under § 3B1.1 for a leadership role [*Id.* at 28]. He contends that there was no evidence that he was an organizer, leader, manager, or supervisor in the criminal activity [*Id.* at 29]. He contends that there was no arguable strategy for failing to object to the guideline calculations in this case [*Id.* at 31].

The government responds that petitioner stated in open court that he had received and discussed the revised PSR with his counsel [Doc. 4, p. 7]. Petitioner's current claim that counsel never reviewed the PSR with him therefore cannot be accepted as true because it is contradicted by the record [*Id.*]. The government further argues that *Norman* is inapplicable and offers no basis to contest petitioner's conviction, as petitioner's sentence was not enhanced based on a prior drug conspiracy offense and the

12

Guidelines' definition of "controlled substance offense" has no effect on whether petitioner possessed a firearm in furtherance of a "drug trafficking crime" under 18 U.S.C. § 924(c) [*Id.* at 8]. Additionally, the government states that, in the plea agreement, petitioner admitted to supplying large quantities of cocaine and cocaine base to a codefendant who then distributed to others and that a two-level enhancement for leadership was appropriate, therefore, counsel had no legitimate basis to object to the application of this enhancement [*Id.*].

Petitioner replies that he merely "acquiesced to the instructions of his attorney to not make waves at sentencing" for fear of receiving a harsher sentence [Doc. 7, p. 5]. He also states that he never planned anything with his codefendants and never gave orders or instructions, but in fact, he and his codefendants had very little communication [*Id.*].

First, as to petitioner's claim that his counsel did not review the PSR with him prior to sentencing, consistent with its standard practice, the Court asked petitioner at the sentencing hearing whether he had the opportunity to read and discuss the presentence report with his attorney. Defendant answered in the affirmative. The Court then asked counsel whether he had reviewed the PSR with defendant, and counsel answered in the affirmative. And, again, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Accordingly, the Court does not credit petitioner's *post hoc* claim that he had not reviewed the PSR with his counsel before sentencing.

Next, petitioner cites the Fourth Circuit's opinion in *Norman*, 935 F.3d 232, as grounds upon which counsel should have raised a challenge to the § 924(c) conviction. But "[d]ecisions from other circuits are not binding on this court." *Hawkins v. The Ctr. For Spinal Surgery*, Case No. 3:12-cv-1125, 2015 WL 4168388, at *2 (M.D. Tenn. July 9, 2015). Moreover, *Norman* did not involve a conviction under § 924(c), and it is not entirely clear how *Norman* would purportedly impact petitioner's § 924(c) conviction or sentence. Accordingly, petitioner has not met his burden of establishing that his counsel performed deficiently in failing to raise a challenge in light of *Norman*.

Finally, petitioner faults counsel for not objecting to the two-level leadership enhancement contained in the PSR. But petitioner agreed to the application of that enhancement as part of his plea agreement [Doc. 49, p. 4]. Thus, if counsel had challenged the application of the leadership enhancement at sentencing, such challenge would have been meritless, and, arguably, would have been a breach of the parties' plea agreement. *See United States v. Barnes*, 279 F.3d 644, 648 (6th Cir. 2002) (holding that the government breached the plea agreement by failing to expressly request that defendant be sentenced at the low end of the guidelines range, as agreed in the parties' Rule 11(c)(1)(B) agreement).

For all these reasons, petitioner's claims of ineffective assistance of counsel based on counsel's performance at the sentencing hearing are **DENIED**.

14

Case 3:22-cv-00291-TAV-DCP    Document 9    Filed 05/07/25    Page 14 of 15    PageID #: 88

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 111; Civil Case, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

In light of this ruling, petitioner's motion for a status update [Civil Case, Doc. 8] is **DENIED as moot.**

A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE